BENJAMIN H. WARDER ET AL.

V.

FRANKLIN D. SWEETSER.

*Partnership—Members—Individual Debts of—Payment—Firm Funds
—Set-off.*

Upon a bill filed by a member of a firm calling, among other things, for
an itemized statement of payments made with partnership funds, by a
defaulting co-partner, to liquidate private debts due manufacturers with
whom such firm habitually dealt, suit having been brought by them against
the firm to recover a balance due and unpaid, and that such payments be
applied in satisfaction of the firm indebtedness, this court holds, that the
promise of complainant to assume such payments was conditional, not abso-
lute, and declines to interfere with the decree in his behalf.

[Opinion filed December 16, 1889.]

IN ERROR to the Circuit Court of La Salle County; the Hon. DORANCE DIBELL, Judge, presiding.

Messrs. BOYESEN & LAWRENCE, for plaintiffs in error.

Mr. D. B. SNOW, for defendant in error.

UPTON, P. J. Prior to January 8, 1886, Franklin D. Sweetser was engaged in business at Ottawa, Ill., in the sale of agricultural implements; his half brother, J. Howard Sweetser, was engaged in the like business at Streator, Ill. The plaintiffs in error were then, and long prior thereto had been, engaged in the manufacture and sale of agricultural implements and machinery, having a place of business at Chicago and having prior to the time above indicated had dealings with both Franklin D. and J. Howard Sweetser, in the business above indicated.

At the time above stated J. Howard Sweetser was indebted to plaintiffs in error about $1,200 or more, of which Franklin D. was not informed. Franklin D. Sweetser being at the time in poor health and requiring rest, entered into the following contract.

"This contract made and entered into between F. D. Sweetser and J. H. Sweetser this 8th day of January, 1886. 'Whereas' F. D. Sweetser has an interest in the agricultural implements, seed and sewing machine business of $12,000 (twelve thousand dollars), J. H. Sweetser to take the business and run the same, in consideration of which, said J. H. Sweetser is to pay said F. D. Sweetser the interest on the above $12,000, at the rate of six per cent. per annum, payable quarterly, in payments due and payable each year, of seven hundred and twenty dollars ($720).

"This contract is to run one year, or more, as the contracting parties can agree; and if F. D. Sweetser at some future time take the 'concern' back to his possession, the said F. D. Sweetser to allow said J. H. Sweetser the actual cash

value of the 'goods' on hand, or what they can be bought for in cash, at time of settlement, 'freight to be added.' Also, said F. D. Sweetser is to allow said J. H. Sweetser the cash value of notes and accounts at time of settlement.

"It is also agreed that the 'concern' shall be known as F. D. Sweetser & Co., until the final settlement and ending of this contract. The goods to be kept insured by said J. H. Sweetser during the continuation of this contract.

"F. D. Sweetser further agrees to guarantee to J. H. Sweetser a yearly profit to him of $600 (six hundred dollars). J. H. Sweetser agreeing to put his whole time to said business.

"Witness our hands and seals this day above mentioned.

"F. D. SWEETSER.

"J. H. SWEETSER."

Under this contract J. Howard Sweetser took possession of the goods and store in Ottawa, Franklin D. Sweetser going east, and the business was conducted by J. Howard Sweetser until August, 1886, when the partnership was dissolved.

At the time of F. D. Sweetser's leaving Ottawa for the east, he left in his iron safe in the store (to which J. Howard Sweetser had access for the business of said firm) his personal private papers, promissory notes and books of accounts.

Upon the return of F. D. Sweetser as hereinafter stated, by the wrongful, improper and unauthorized use of moneys of the firm and by the like improper and unauthorized use of the private notes and bills receivable belonging to Franklin D. in his own right, Howard Sweetser was indebted to him for more than $5,000.

Prior to the 8th of January, 1886, J. Howard Sweetser was personally indebted to the plaintiffs in error in a sum exceeding $1,000, as security for which (and payment as collected), he delivered farmers' notes of the face value of $1,200, of which he guaranteed the payment. These notes were afterward ascertained by plaintiffs in error to have been fictitious or forgeries, of which transaction, either in whole or in part, Franklin D. Sweetser was not apprised. On the 20th day of January, 1886, after Franklin D. had left

for the east, plaintiffs in error applied to J. Howard Sweetser to take up the notes held by them against him and those held as security therefor, or, knowing the worthlessness thereof, had succeeded in obtaining from him $200 in cash, and other notes made payable and belonging to the firm of "F. D. Sweetser & Co.," together with a note payable to "C. Aultman & Co.," belonging to the defendant in error in his own right, which had been wrongfully taken from the private papers of defendant in error from the safe wherein the same had been left for safe keeping as before stated, amounting in the aggregate to about $700, together with a note for $250 executed by J. Howard Sweetser in the name of the firm.

Upon these notes so held by them, plaintiffs in error collected $742.60 and applied the same in satisfaction of their debt against J. Howard Sweetser individually, and without the knowledge, authority or consent of the defendant in error, as found by the court below.

The firm of "F. D. Sweetser & Co.," subsequent to January 20, 1886, became indebted to plaintiffs in error for goods and wares purchased by J. Howard Sweetser in the sum of $697, upon which indebtedness a suit was commenced at law in the Circuit Court of La Salle County, and upon issue being joined therein, this bill was filed in equity, alleging, in substance, the matters herein before stated, and asking that the itemized statement of plaintiffs in errors' claims and demands be made and set forth and discovery made of all moneys paid them, and of all notes received in security for, or in satisfaction of such indebtedness, together with all moneys received thereon, or applied in satisfaction of the individual indebtedness of J. H. Sweetser by said plaintiffs in error, and that such sum so received be applied in satisfaction of any indebtedness due from the firm of F. D. Sweetser & Co., if any, to plaintiffs in error, and averred the total insolvency of J. Howard Sweetser. The bill was afterward amended but its scope was not materially changed. The prayer was for an accounting, set-off and general relief. Plaintiffs in error filed their answer, and after the cause was at issue the following stipulation was filed in the cause: 48. "It is hereby stipulated, by and between the at-

torneys for the respective parties hereto, that this cause shall be submitted to the court for trial at the present term of the Circuit Court of La Salle County, and shall be set down for trial and heard as speedily as the court will set the same for a hearing; that if, upon the hearing of said cause, the court shall be of opinion that it has no jurisdiction to hear the same as a chancery suit, and that equity has no jurisdiction of said cause, then said cause shall be deemed and considered as having been tried and heard by the court upon the issues in the suit at law now pending in said court, and such judgment shall be rendered in such suit at law as the conclusion or opinion of the court may justify, and as it would have rendered if the same had been submitted to it upon the issues formed in the suit at law. If the court shall find that the defendants in this suit are indebted to complainants, then a judgment or decree may be rendered for complainants, the same as on the plea of set-off in the common law case. And if the court shall be of opinion that said suit is properly heard as a cause in equity, then a decree shall be rendered if the finding is for the defendants, on the merits, the same as if a cross-bill had been filed in said suit.

A hearing was had which resulted in a decree for defendant in error for the sum of $255, and the cause is here by writ of error, errors and cross-errors being assigned upon the record.

As to the 1st, 2d, 3d and 4th assignments of errors we need only say that our attention has not been called by the arguments or suggestions of either counsel, to any matter presented by the record before us, to sustain or support the same, and we conclude there are none, and that the same are not well taken. As to the 5th and 6th, which are, in substance, that the decree entered below was erroneous because not supported by the testimony in the case, and is broader than the facts justify, we do not think are well taken.

In this contention, counsel for plaintiffs in error lays stress upon what he seems to regard as a ratification by Franklin D. Sweetser, of the acts of J. Howard Sweetser, in his dealings with plaintiffs in error, in the use of co-partnership assets in liquidation and payment of his personal indebtedness.

This is largely a question of fact. The chancellor, no less certainly than a jury, is the sole judge of the credibility of the witnesses. They are before him, and he, far better than any appellate tribunal, can rightfully determine where the truth is, upon the questions in issue; besides, we are entirely satisfied from the facts and circumstances in evidence, apparent of record, that the chancellor was fully justified in the holding upon that point, both on the facts and the law, and we do not deem it necessary to go over the evidence in detail in that regard. The contention was simply whether the promise was a conditional one, or unconditional. In this the court held it conditional and we are entirely satisfied, on the facts in this record, with that finding.

Another consideration is urged by the counsel for the plaintiffs in error—that the defendant in error had credited J. Howard Sweetser with but $300 for the entire property transferred to him by the bill of sale, invoiced at some $900. We are entirely satisfied that, as shown by the evidence in this record, $300 was the full cash value of the property, and we should have been quite satisfied if the court below had entirely ignored that item in this adjustment, and regarded the same as applied to the general indebtedness due from J. Howard Sweetser to the defendant in error, of which there is a large sum, as shown; first, because we think there are in this record evidence and circumstances tending strongly to support that view, and second, F. D. Sweetser was under no legal or moral obligation to pay the debts of J. H. Sweetser; but the court took a different view, and while we can not say he was not justified in so holding, we think plaintiffs in error can not be heard to complain.

It is further urged that the books of F. D. Sweetser & Co. and the entries therein establish the fact of the adoption of the transaction between J. Howard Sweetser and the plaintiffs in error as to the payment of the individual debts of J. Howard Sweetser with the assets of the firm of F. D. Sweetser & Co., and he should be held estopped from denying it, etc. It will be borne in mind that the evidence shows that F. D. Sweetser had not been in Ottawa, where his busi-

ness was carried on, and knew nothing concerning the transfer of the notes in question until the 29th of July, 1886, when he immediately started home; passing through Chicago, he called upon plaintiffs in error, informed them that the notes held by them for the indebtedness of J. Howard Sweetser were the assets of the firm of F. D. S. & Co., and improperly and illegally transferred to them by J. H. Sweetser, but that, if he found that J. H. Sweetser had not got him in exceeding a certain amount, naming it, that he would "father" the transaction.

He had not at that time any means of knowing what the condition of affairs actually was. In that endeavor certain memorandum entries, as he swears, were made upon the books, not by F. D. Sweetser, but by J. H. Sweetser, which there is no evidence showing plaintiffs in error knew of, or were in the least influenced by in these memorandum entries, upon which an estoppel is sought to be predicated.

It is true J. Howard Sweetser swears that those entries were made by himself at the direction of F. D. Sweetser. This is positively denied by defendant in error, and we are not prepared to say that in view of what appears in this record the court below was not fully justified in disregarding the statement of J. H. Sweetser, in that regard at least.

We have carefully examined the record in this case, in the light of the able argument submitted to us for plaintiffs in error, and we find no error therein of which the plaintiffs in error can complain. In regard to the cross-errors assigned by the defendant in error, we have only to say, we do not deem either point made, well taken.

The $219 cash paid to plaintiffs in error by J. Howard Sweetser is not sufficiently shown by the proof to have been the moneys of the defendant in error, to warrant its allowance; and as to the $300 for the value of the property in the bill of sale from J. H. to F. D. Sweetser, we have already expressed our views, and the decree made by the court being in our judgment substantially correct, is affirmed.

*Decree affirmed.*